## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA**, | * | |
| | * | |
| | * | |
| vs. | * | Case No. RWT 12-cr-120-1 |
| | * | |
| **MOSHOOD DICKSON**, | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION AND ORDER

On March 16, 2012, Defendant, Moshood Dickson, appeared before Magistrate Judge William Connelly for a detention hearing pursuant to 18 U.S.C. § 3142(f).  At the conclusion of the hearing, Judge Connelly found, by clear and convincing evidence, from the information produced at the hearing that (1) the defendant poses a serious risk that he will not appear, (2) the defendant poses a risk to the safety of other persons and the community, and (3) there is no condition or combination of conditions which will reasonably assure the Defendant's presence at trial (or as otherwise required) and community safety.  As a result of these findings, Judge Connelly entered an Order detaining the Defendant pending trial.

On March 26, 2012, Defendant filed a Motion to Appeal Magistrate's Ruling on Detention, Doc. No. 59, pursuant to 18 U.S.C. § 3145(b).  Defendant has been indicted for an offense that provides up to life imprisonment and a potential 10 year mandatory term of incarceration.  *See* 21 U.S.C. § 846.  Under 18 U.S.C. § 3142(e)(3), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community because Defendant  has been indicted for an offense for "which a maximum term of imprisonment of ten years or more is

prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq*.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."

In accordance with § 3145(b) and the relevant case law, *see e.g., United States v. Clark*, 865 F.2d 1433, 1436-38 (4th Cir. 1989); *United States v. Williams*, 753 F.2d 329, 331-34 (4th Cir. 1985), this Court has conducted a *de novo* review of the detention order.  In conducting this review, the Court has considered, in addition to Defendant's motion, the findings of Judge Connelly, the written record before him, a recording of the March 16, 2012 detention hearings held before him, the Government's opposition, and additional proffers and arguments from both counsel for the Government and counsel for the Defendant at a hearing held before the undersigned on May 31, 2012.  On the basis of this review, the Court makes the following findings in accordance with the factors elucidated in § 3142(g).

1. The Court adopts and incorporates all of Judge Connelly's findings below.

2. The Defendant is charged with conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin in violation of 21 U.S.C. § 846, which has a potential term of imprisonment of life and a potential mandatory ten (10) year term of incarceration.

3. The weight of the Government's proffered evidence as to Defendant's guilt, including wiretap intercepts, testimony of a co-defendant, text messages and the seizure of heroin, and threats made to a co-defendant and his family members in Nigeria is strong.

4. There is developing evidence that the Defendant has transferred significant sums of money out of the country.

2

5.      The Defendant is a 42 year old single native of Nigeria and has made at least 7 trips to Nigeria since 1993.

6.      The Defendant is the father of a 15 year old son and his girlfriend recently gave birth to his child.

7.      The Defendant is a resident of New York for the past 19 years, and he has been unemployed since 2009 and has no income.   According to the probation officers in New York, the Defendant is living in a large apartment in New York with his girlfriend.

8.      The Court believes that because the Defendant, who resides outside the jurisdiction of this Court, is a citizen of another country with a history of traveling abroad there is considerable risk that the Defendant will not appear at trial.

9.      Based on the Government proffer at the hearing held before the undersigned that the Defendant has engaged in criminal activity as recently as February 2012, the Court has increased concern that Defendant poses a risk to the safety of other persons and the community.

As a result of these findings, and for the reasons stated on the record at a hearing held before the undersigned May 31, 2012, it is, this 8th day of June, 2012, by the United States District Court for the District of Maryland

ORDERED, that Motion to Appeal Magistrate's Ruling on Detention, Doc. No. 59, is DENIED.

_____
                        /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

3